IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| RENIE RAYMOND JOSEPH FILLION,<br><br>Petitioner,<br><br>vs.<br><br>J.K. WILLIAMS; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 21-85-BU-BMM<br><br>ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY |

This matter comes before the Court on Petitioner Fillion's application for writ of habeas corpus under 28 U.S.C. § 2254. At the time Fillion filed his petition, he was serving a federal sentence at FCI Englewood in Colorado. He was also subject to a state judgment. *See, e.g.*, Pet. (Doc. 1) at 2 ¶ C; *State v. Fillion*, 2020 MT 283 ¶ 23.

Although Fillion dated his petition August 25, 2021, the clerk did not receive it until October 21, 2021.[1] Five days later, United States Magistrate Judge John T. Johnston ordered Fillion to show cause why the petition should not be

---

[1] The certificate of service indicates Fillion mailed the petition to the Montana Attorney General but not to the Court. The clerk advises that the envelope containing Fillion's petition came from FCI Englewood.

1

dismissed for failure to exhaust state remedies on all claims. He reasoned that the Montana Supreme Court addressed some of the federal petition's claims when it affirmed Fillion's conviction on direct appeal. *See Fillion*, 2020 MT 283 ¶¶ 23–24. But the federal petition presented new claims as well. At least at the time Judge Johnston issued the Order, Fillion could still present one or more of his new claims in state postconviction proceedings. Judge Johnston explained that mixed petitions generally are dismissed and ordered Fillion to explain why the general rule should not apply in his case. *See* Order (Doc. 3) at 2–4.

Fillion completed his federal prison term and left FCI Englewood on October 18, 2021. *See* Inmate Locator, https:www.bop.gov/inmateloc (accessed Feb. 22, 2022). On November 8, 2021, the United States Postal Service returned Judge Johnston's Order as undeliverable. *See* Returned Mail (Doc. 4). The clerk obtained a mailing address from the United States Probation Office and remailed the Order on January 12, 2022. The postal service did not return the mail, but Fillion has not responded.

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action. The Court may act on its own motion without awaiting a defense motion. *See, e.g., Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). Rule 41(b) applies in habeas proceedings.

*See, e.g.*, *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (applying *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)); *see also Mayle v. Felix*, 545 U.S. 644, 654–55 (2005); Rule 12 (formerly Rule 11), Rules Governing Section 2254 Cases in the United States District Courts; Fed. R. Civ. P. 81(a)(4).

To decide whether to dismiss a case for failure to prosecute, courts consider five factors:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan*, 291 F.3d at 642.

The public policy favoring disposition of claims on their merits always weighs against dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1990); *Pagtalunan*, 291 F.3d at 643 (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)).

The risk of prejudice to respondents appears small and so is neutral.

No forward path is free of potential prejudice to Fillion. Dismissal at this point might mean some or all later-filed claims will be time-barred. If he has not filed a state postconviction petition, it is possible that all claims in the federal petition are now technically exhausted. But if the Court proceeds, addresses the claims on their merits, and happens to find none warranting relief, claims in any

3

later-filed petition would have to meet the stringent standards of 28 U.S.C. § 2244(b). This dilemma is not of the Court's making, nor is prejudice to the petitioner one of the *Pagtalunan* factors. The Court is not obligated to protect a petitioner from the consequences of his abandonment of an action.

Petitions filed and then abandoned waste judicial resources. Three factors—the public interest in expeditious resolution, the Court's interest in eliminating abandoned cases from its docket, and the lack of alternatives short of dismissal—all strongly favor dismissal. Although courts exist to resolve disputes on the merits, an abandoned action cannot proceed. On balance, the *Pagtalunan* factors favor dismissal. The procedural laws governing habeas petitions may mean this dismissal has the same effect as dismissal with prejudice. Nonetheless, the Court will enter the dismissal itself as one without prejudice. *See* Fed. R. Civ. P. 41(b).

Regardless of whether Fillion makes a substantial showing that he was deprived of a constitutional right, *see* 28 U.S.C. § 2253(c)(2), the docket clearly shows that he has abandoned the action. Reasonable jurists would find no basis to disagree with dismissal without prejudice. A certificate of appealability is not warranted.

Accordingly, **IT IS ORDERED**:

1. This matter is **DISMISSED WITHOUT PREJUDICE** for failure to

prosecute.

2. A certificate of appealability is **DENIED**.

3. The clerk shall enter, by separate document, a judgment of dismissal without prejudice.

DATED this 22nd day of February, 2022.

Brian Morris, Chief District Judge
United States District Court